UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OLUMIDE ADEFEMI,<br><br>Plaintiff,<br><br>v.<br><br>ANN ORR, Acting Director, Pension Benefit Guaranty Corp.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 24-2214 (APM) |

## **ANSWER**

Defendant, Ann Orr, in her official capacity as Acting Director of the Pension Benefit Guaranty Corporation ("PBGC"), by and through counsel, hereby answers the Complaint filed by Plaintiff Olumide Adefemi. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other action; or (c) are admissible in this, or any other action. Any allegation not admitted specifically herein is expressly denied. Defendant responds to the numbered paragraphs of the Complaint as follows:

1. The first sentence of paragraph one consists of Plaintiff's characterization of the cause of action and Plaintiff's legal conclusions, to which no response is required. Defendant admits the allegations contained in the second, third, fourth, and fifth sentences of this paragraph.

2. Defendant admits that Chief Financial Officer (CFO) Patricia Kelly, who is a white female, was the selecting official for the CCRD Director position; that Plaintiff was not interviewed or selected for the CCRD Director position; and that Lisa Carter was selected for the

CCRD Director position. Defendant denies that Plaintiff's application materials demonstrated that he was "extremely well-qualified" for the announced CCRD Director vacancy, that Ms. Kelly discouraged Plaintiff from applying for the position, that the CCRD deputy director role was "newly created," that Ms. Kelly placed Ms. Carter into the deputy director role, that Plaintiff's application was referred to Ms. Kelly as a Best Qualified applicant, or that Ms. Kelly "meddl[ed] in the process." Plaintiff's allegations that the reasons for his non-selection are pretextual constitute a legal conclusion, to which no response is required.

3.      This paragraph consists of Plaintiff's legal conclusions regarding his discrimination and retaliation claims under Title VII of the Civil Rights Act, to which no response is required. Defendant lacks knowledge or information sufficient to admit or deny whether Ms. Kelly was aware of Plaintiff's prior discrimination complaint at the time of Plaintiff's non-selection for the CCRD Director position.

## JURISDICTION AND VENUE[1]

4.      Paragraph four contains Plaintiff's legal conclusions as to jurisdiction and venue, to which no response is required. The remaining allegations in the paragraph constitute Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant denies that any discriminatory or retaliatory practices occurred in connection with the non-selection challenged by the Complaint.

## PARTIES

5.      Admitted.

---

[1]      For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

6.      Defendant admits that the current Acting Director of PBGC is Ann Orr, that the Complaint purports to sue Ms. Orr in her official capacity, and  PBGC currently employs more than 500 employees.

## FACTS

7.      Defendant admits that it posted a vacancy announcement for the position of CCRD Director on August 24, 2023. Defendant denies that the vacancy was posted on August 28, 2023.

8.      Defendant admits that the CCRD Director position was a Senior Level-00 ("SL-00") position. Defendant denies that the position was equivalent to a senior executive service position.

9.      Paragraph nine purports to quote from and characterize the vacancy announcement for the CCRD Director position. Defendant respectfully refers the Court to the vacancy announcement for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

10.     Paragraph ten purports to quote from and characterize the vacancy announcement for the CCRD Director position. Defendant respectfully refers the Court to the vacancy announcement for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

11.     Paragraph eleven purports to quote from and characterize the vacancy announcement for the CCRD Director position. Defendant respectfully refers the Court to the vacancy announcement for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12.     Admitted.

3

13.     Defendant admits that Ms. Kelly is a white female, she spoke with Plaintiff in July 2023 regarding an acting director role within CCRD in light of Mr. Pace's upcoming retirement. Defendant denies the allegation that this discussion occurred in July 2022 or that the discussion occurred after Mr. Pace retired.

14.     Denied.

15.     Admitted.

16.     Defendant denies the first sentence of this paragraph. Defendant admits the second sentence of this paragraph. The third, fourth, and fifth sentences of this paragraph reference the vacancy announcement for the CCRD Director position. Defendant respectfully refers the Court to the vacancy announcement for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant further denies that Plaintiff's application for the CCRD Director position identified experience on internal controls related to the Special Financial Assistance program or that Ms. Kelly received Plaintiff's application for consideration

17.     Defendant admits that Plaintiff worked as a Supervisory Auditor in the Office of Benefits Administration during his employment at PBGC. The allegations in the second and third sentences appear to summarize the content of Plaintiff's resume, which  represents his private sector experience prior to joining PBGC, his certification as a certified public accountant, and his educational background, to which a response is not necessary. Defendant respectfully refers the Court to Plaintiff's resume for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant denies the fourth sentence of this paragraph.

18.     Denied.

19.     Defendant admits that Brandy Pelham drafted the September 11, 2023 communication identified in this paragraph. Defendant respectfully refers the Court to that

communication for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant denies that the communication was issued after Ms. Pelham completed her review of the application materials submitted in response to the vacancy announcement.

20. Admitted.

21. Defendant admits that Lisa Carter, who is a white female, was selected for the CCRD Director position, and that Ms. Kelly was the selecting official for the CCRD Director position. This paragraph purports to describe Ms. Carter's prior experience at PBGC, as to which a response is not required. Defendant refers the Court to Ms. Carter's application materials for the CCRD Director position for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. Defendant avers that Plaintiff's application did not advance past the application phase to Ms. Kelly for consideration.

22. Denied

23. Denied.

24. Denied. This paragraph purports to describe Ms. Carter's prior experience at PBGC, as to which a response is not necessary. Defendant refers the Court to Ms. Carter's application materials for the CCRD Director position for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

25. Defendant denies the first sentence of this paragraph, except to admit that Ms. Kelly appointed Ms. Carter to serve as CCRD's acting director following Mr. Pace's retirement. Defendant denies the allegations in the second sentence. Defendant lacks knowledge or information sufficient to admit or deny the allegations of the third sentence of this paragraph, except to deny that Ms. Carter was "pre-selected" for the CCRD Director position.

26.     Defendant admits that both Ms. Carter, and subsequently Plaintiff, each temporarily served as acting CCRD Director and denies the remaining allegations of the first sentence of this paragraph. Defendant denies the allegations of the second and third sentences of this paragraph.

27.     Defendant admits that on or about September 15, 2023, Ms. Pelham revisited her prior determination and found  that Plaintiff did not meet the minimum qualifications for the position based on the experience Plaintiff identified in his application materials. Defendant respectfully refers the Court to the vacancy announcement and Plaintiff's application for the CCRD Director position for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. Defendant lacks knowledge or information sufficient to admit or deny the allegations of the second sentence of this paragraph, except to admit that Ms. Pelham and Ms. Kelly met on or around September 13, 2023, and that Ms. Carter's application was the only application referred to Ms. Kelly for consideration.

28.     Denied, except to admit that based on the experience Plaintiff identified in his application materials, Plaintiff was not referred to Ms. Kelly for consideration for the CCRD Director position. Defendant respectfully refers the Court to the vacancy announcement and Plaintiff's application for the CCRD Director position for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

29.     Denied, except to admit that only one Best Qualified candidate was referred to Ms. Kelly for consideration.

30.     Defendant admits that after Ms. Carter was selected for the position, Plaintiff contacted Ms. Kelly and Ms. Pelham regarding his application for the CCRD Director vacancy. Defendant respectfully refers the Court to those communications for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

6

31.     This paragraph purports to characterize Plaintiff's and Ms. Carter's qualifications, to which a response is not required. Defendant respectfully refers the Court to Plaintiff's and Ms. Carter's respective applications for the CCRD Director position for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

32.     Denied.

33.     Denied.

34.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

35.     Denied.

36.     Defendant denies the allegations of the first sentence of this paragraph. The second sentence of this paragraph consists of Plaintiff's legal conclusions, to which no response is required.

37.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

38.     Defendant admits that Plaintiff contacted an EEO counselor and filed a formal EEO complaint alleging discrimination and retaliation regarding his non-selection for the CCRD Director position. Defendant avers that after Plaintiff withdrew his request for a hearing before an EEOC administrative judge and that the Agency issued a Final Agency Decision on June 27, 2024, which found no discrimination. Defendant denies the allegation that the FAD "predictably found" no discrimination. Defendant admits that Plaintiff timely filed the instant Complaint.

## ALLEGED VIOLATIONS OF LAW

### Count One

### (Race Discrimination)

39.    Paragraph thirty-nine consists of Plaintiff's conclusions of law, to which no response is required; to the extent a response is deemed required, Defendant denies the allegations of this paragraph.

### Count Two

### (Retaliation)

40.    Paragraph forty consists of Plaintiff's conclusions of law, to which no response is required; to the extent a response is deemed required, Defendant denies the allegations of this paragraph.

### RELIEF

The allegations in paragraphs (1) through (8) in the Relief section constitute Plaintiff's requests for relief, which require no response. To the extent a response is required, Defendant denies any liability or wrongdoing and denies that Plaintiff is entitled to the relief requested or to relief.

### JURY DEMAND

The final paragraph in the Complaint constitutes Plaintiff's request for a jury trial, which requires no response.

### DEFENSES

In addition to the responses to the Complaint stated above, Defendant states the defenses that follow. Defendant reserves the right to assert against Plaintiff any and all additional affirmative defenses or causes of action that become available or apparent during pre-trial

proceedings in this case and hereby reserves its rights to amend, alter, and supplement its Answer and assert such additional defenses.

## FIRST DEFENSE

Plaintiff fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

To the extent Plaintiff seeks to raise in this action any allegations or claims not raised, or untimely raised in the administrative process, such allegations and claims are precluded for failure to exhaust administrative remedies.

## THIRD DEFENSE

Defendant denies that it engaged in any discriminatory or retaliatory conduct whatsoever. Defendant's actions were taken for legitimate, nondiscriminatory, nonretaliatory reasons.

## FOURTH DEFENSE

Plaintiff cannot establish a *prima facie* claim necessary to recover under Title VII.

## FIFTH DEFENSE

Even if Plaintiff could establish a *prima facie* claim, he cannot establish that Defendant's legitimate, nondiscriminatory, nonretaliatory reasons for its action were pretext for discrimination or retaliation.

## SIXTH DEFENSE

Plaintiff has failed to act reasonably to mitigate his damages, if any.

## SEVENTH DEFENSE

Plaintiff cannot establish a causal connection between any alleged protected activity or any protected category and any adverse employment action.

9

## EIGHTH DEFENSE

Any compensatory damages award is subject to and limited by 42 U.S.C. § 1981a.

## NINTH DEFENSE

Defendants would have taken the same employment and/or personnel decisions in the absence of the impermissible motivating factors.

Dated:  November 15, 2024        Respectfully submitted,
        Washington, DC

                                 MATTHEW M. GRAVES, D.C. Bar #481052
                                 United States Attorney

                                 BRIAN P. HUDAK
                                 Chief, Civil Division


                                 By: */s/ Tabitha Bartholomew*
                                     TABITHA BARTHOLOMEW
                                     D.C. Bar #1044448
                                     Assistant United States Attorney
                                     601 D Street, NW
                                     Washington, DC 20530
                                     (202) 252-2529
                                     Tabitha.Bartholomew@usdoj.gov

                                 *Attorneys for the United States of America*